**In the Matter of DeWayne COLBERT.**

No. C6–89–1830.

Supreme Court of Minnesota.

May 4, 1990.

William Lubov, Law Firm of William Lubov, Minneapolis, for DeWayne Colbert.

Thomas L. Johnson, Hennepin County Atty., Elizabeth Cutter, Asst. Hennepin County Atty., Minneapolis.

KELLEY, Justice.

This is an appeal from an MID (mentally ill and dangerous) commitment proceeding. At the commitment hearing the district court determined that the subject of the commitment, DeWayne Colbert, while still mentally ill, no longer was dangerous. The court of appeals in an unpublished decision reversed, holding that the trial court clearly erred in its determination. We disagree and accordingly reverse the decision of the court of appeals and reinstate the decision of the district court.

Colbert suffers from paranoid schizophrenia and has a history of chemical dependence and substance abuse. He has been hospitalized before and has a history of both responding to treatment on antipsychosis medication and of deteriorating when he quits taking the medication.

Before the current commitment Colbert was living in an apartment building in Minneapolis. His paranoia, aggravated by his drug use, led him to engage in conduct indicating that he was mentally ill as well as dangerous to others.

At the original commitment hearing, Dr. Calvin W. Vraa, Ph.D., the court-appointed examiner, testified that Colbert had responded to medication and that commitment to the Minnesota Security Hospital in St. Peter was not appropriate. He testified that placement in the Anoka Metro Regional Treatment Center was a possibility but that placement in a Rule 36 facility would be acceptable if Colbert's medication was monitored and if he was in a structured day program. Bruce Quarry, a senior psychiatric social worker at Hennepin County Medical Center, where Colbert was confined pending the commitment hearing, also testified that commitment to St. Peter was not necessary and that the Anoka facility would be an appropriate placement. He testified that Colbert was not ready for

a Rule 36 facility but was making progress toward it. The district court determined that Colbert was both mentally ill and dangerous and committed him to the Minnesota Security Hospital.

As we said, we are dealing with the issue of the continuation of that commitment. Two experts testified at the continuation hearing, which was held before a different judge. One expert, Douglas Fox, a licensed psychologist at the Minnesota Security Hospital, testified that Colbert was not dangerous while using the drugs being given to him but that if he were released there would be a substantial likelihood of danger to the safety of others because he would discontinue taking his medicine. Fox recommended that the MID commitment be continued.

Dr. Sharon Satterfield, a psychiatrist appointed by the court as a second examiner (Dr. Vraa being the first), generally agreed with Fox, but her way of stating her conclusions was different. She testified that the psychosis had been alleviated almost entirely by the medicine and the Colbert currently did not present any substantial likelihood of engaging in acts capable of inflicting serious physical harm on another person. She testified that he "might not be" what is termed "med-complaint" if he were not in a facility that actually offered him the medicine. She put it slightly differently moments later when she said "I do not trust" that he would choose to take medicine on his own. She said she was satisfied that Anoka Metro Regional Treatment Center could adequately provide for Colbert's treatment needs and that staying at the state security hospital in St. Peter was not required.

Colbert also testified, saying that he now realized the importance of taking his medicine and of not using marijuana. He stated he would continue to take his medicine once he was released.

The district court dismissed the allegation of mentally ill and dangerous, and found that Colbert was just mentally ill because he "is not dangerous while taking medications." The district court sent Colbert to the locked unit at the Anoka Metro Regional Treatment Center, with permission to the doctors to transfer him to an unlocked unit when they determined it was appropriate.

The court of appeals reversed, holding that the district court's determination that Colbert was not dangerous was clearly erroneous. We hold that the court of appeals erred in concluding as it did.

■ The issue for the district court was whether Colbert continued to be "mentally ill and dangerous" within the meaning of Minn.Stat. § 253B.02, subd. 17 (1988), which provides:

A "person mentally ill and dangerous to the public" is a person (a) who is mentally ill; and (b) who as a result of that mental illness presents a clear danger to the safety of others as demonstrated by the facts that (i) the person has engaged in an overt act causing or attempting to cause serious physical harm to another and (ii) there is a substantial likelihood that the person will engage in acts capable of inflicting serious physical harm on another.

Hennepin County had the burden of proving that Colbert continued to be mentally ill and dangerous by clear and convincing evidence. The court of appeals, holding that the trial court clearly erred, in effect ruled that the trial court had no choice on this record but to conclude that Colbert was still dangerous.

■ Undoubtedly, other cases can be found upholding a continued MID commitment on a record like this one; an example of such a case is *In re Malm*, 375 N.W.2d 888 (Minn.App.1985). The effect of the court of appeals' decision is to extend those decisions and turn them into an inflexible rule, that whenever there is a record like this one the trial court clearly errs if it does not continue the MID commitment. We believe that the evidence was such that, although the trial court arguably was free to continue the commitment, the trial court was not compelled to do so. In other words, we hold the trial court was justified in determining that Colbert, although still mentally ill, was no

longer dangerous. Reversed and decision of district court reinstated.