**In re the Matter of DeWayne COLBERT.**

**No. C9-90-1603.**

Court of Appeals of Minnesota.

Oct. 30, 1990.

Review Granted Dec. 13, 1990.

William L.H. Lubov, Minneapolis, for appellant Colbert.

Thomas Johnson, Hennepin County Atty., Elizabeth V. Cutter, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by WOZNIAK, C.J., and KALITOWSKI and DAVIES, JJ.

### OPINION

DAVIES, Judge.

The trial court ordered appellant's continued commitment as mentally ill for a period of 12 months, commencing the date of the order. DeWayne Colbert appeals, claiming the six-month commitment limit under Minn.Stat. § 253B.09, subd. 5, and the 12–month commitment limit under Minn.Stat. § 253B.13, subd. 1, together impose an 18–month limit. We disagree and affirm.

### FACTS

The trial court on July 3, 1989, committed appellant to the head of the Minnesota Security Hospital as mentally ill and dangerous to the public, and judgment was entered July 5. On September 11, 1989, the trial court held a review hearing pursuant to Minn.Stat. § 253B.18, subd. 2. It dismissed appellant's commitment as mentally ill and dangerous, but ordered his continued commitment as mentally ill. This determination was ultimately upheld by the supreme court. *See In re Colbert,*

No. C6–89–1830, 1990 WL 477 (Minn.App. Jan. 9, 1990), *rev'd* 454 N.W.2d 614, 615–16 (Minn.1990).

By the time the trial court, after these appeals, was able to hold a hearing pursuant to Minn.Stat. § 253B.12 to determine the need to continue appellant's commitment as mentally ill, 11 months had passed since the initial commitment as mentally ill and dangerous. The trial court committed appellant to the head of the Anoka Metro Regional Treatment Center as mentally ill for 12 months, beginning the date of the order, June 21, 1990.

## ISSUE

When a trial court orders a patient's continued commitment as mentally ill for 12 months pursuant to Minn.Stat. § 253B.13, subd. 1, does that period begin to run at the time of the trial court's determination regardless of the date of the initial six-month commitment?

## ANALYSIS

Commitment as mentally ill is for a determinate period of time. The initial commitment period is not to exceed six months. Minn.Stat. § 253B.09, subd. 5. Continued commitment after a review hearing is not to exceed 12 months. Minn.Stat. § 253B.13, subd. 1.

Appellant argues that when the trial court dismissed his dangerousness classification on September 11, 1989, his commitment as mentally ill began; he then combines the six- and 12–month periods to argue that he cannot be committed for more than 18 months total, or only until March 11, 1991.

The trial court, however, ordered appellant's continued commitment for 12 months, commencing the date of its June 21, 1989, order, reasoning that it had jurisdiction to commit a person as mentally ill

for a total of 18 months, pursuant to Minn. Stat. §§ 253B.09, subd. 5, and 253B.13, subd. 1. It concluded, however, that while appellant had at that point been committed for 11 months, his commitment as mentally ill had been only for five and one-half months and he had been committed as mentally ill and dangerous the remainder of the time. Therefore, it calculated that it had authority to commit appellant as mentally ill for another 12 months under Minn.Stat. § 253B.13, subd. 1.

We hold that for purposes of determining the permissible length of the continuing commitment as mentally ill, the initial six-month period and the 12–month period must be considered separately. There is nothing in the statutory language to require that they be added together to limit the length of the two commitments to an 18–month total. Therefore, if, as here, the review hearing occurs after the scheduled end of the six-month period, the trial court may order the continued commitment of the person as mentally ill for up to 12 months, commencing the date of the judgment. That the hearing is continued for "good cause" or is overdue does not shorten the permitted duration of the continued commitment under Minn.Stat. § 253B.13, subd. 1.[1]

## DECISION

The judgment of the trial court ordering the continued commitment of appellant as mentally ill for a period of 12 months from the date of the order is affirmed.

Affirmed.

---

1. Minn.R.Civ. Commitment 12.02(b) must be read so as to be consistent with the statute.