**In the Matter of DeWayne COLBERT.**

**No. C9–90–1603.**

Supreme Court of Minnesota.

Jan. 18, 1991.

---

William L.H. Lubov, Minneapolis, for appellant.

Thomas L. Johnson, Hennepin County Atty., Elizabeth V. Cutter, Asst. Hennepin County Atty., Minneapolis, for respondent.

WAHL, Justice.

The issue presented by this appeal is when a 12–month continued commitment of a person as mentally ill should be deemed to have commenced where the continuation hearing is not held as early as the commitment statute mandates but is delayed as a result of an appeal by the county. Disagreeing with the court of appeals, we hold that the 12–month continued commitment should be deemed to have commenced when the continuation hearing should have been held, not on the date when the continuation hearing actually was held and the order filed.

Mr. Colbert was committed as mentally ill and dangerous (MID) on July 5, 1989. At the 60–day continuation hearing, held pursuant to Minn.Stat. § 253B.18, subd. 2 (1990), the district court ruled that while Colbert was still mentally ill, he was no longer dangerous. That determination was made in September of 1989. Under Minn. Stat. §§ 253B.09, subd. 5, and 253B.18, subd. 2, the commitment then became identical to a 6–month initial commitment for mental illness alone.

The county appealed the ruling. The court of appeals, in January of 1990, reversed in an unpublished opinion, holding that the district court erred in determining that Colbert was not dangerous. Subsequently, on May 4, 1990, we issued our decision reversing the court of appeals and reinstating the decision of the district court. *In re Colbert*, 454 N.W.2d 614, 615–16 (Minn.1990).

The district court, after a continuation hearing, reasoned that Colbert was under a simple mental illness commitment for only part of the period from September 11, 1989, to the time when the continuation hearing was held in June 1990. Specifically, the court held that Colbert was under a simple mental illness commitment for approximately four months from September 11, 1989 to January 9, 1990, the date of the court of appeals' decision holding that Colbert was dangerous, and then for the one and one-half months from May 4, 1990, when this court decided the case, until June, when the continuation hearing was held in district court. Thus, the district court held that Colbert had been under the simple mental illness commitment for only approximately six months and that it was appropriate to have the 12–month continuation of the commitment run from the date of the continuation.

Colbert then filed this appeal. The court of appeals in its decision held that in a case like this, where there is an appeal delaying the continuation hearing, the 12–month period of the continuation of the commitment pursuant to Minn.Stat. § 253B.13, subd. 1, runs from the date of the order continuing the commitment. *In re Colbert*, 461 N.W.2d 738, 739 (Minn.App.1990), *rev. granted* (Minn. Dec. 13, 1990).

Had it not been for the delay by the county's appeal, Colbert's continuation

hearing would have been held in March of 1990, six months after the September 11, 1989 order determining that he no longer was dangerous, just mentally ill. The 12-month continuation would then expire in March of 1991, at which point the county would have to seek to recommit Colbert if he still is mentally ill. Under the court of appeals' decision, the 12-month continuation will not expire until June of 1991.

We believe that any ambiguities in the laws dealing with the deprivation of a person's liberty in the civil commitment context ought to be construed against the state and in favor of the person who is being deprived of his or her liberty. For that reason we conclude that the 12-month period of commitment must be deemed to have commenced when the continuation hearing would have been held had it not been for the county's appeal.

In summary, we affirm the continuation of Colbert's commitment as mentally ill but we modify the district court's order to make it clear that the period of commitment should not be longer than 12 months from the date the continuation hearing would have been held if the county's appeal had not delayed the continuation hearing.

Affirmed as modified.

GARDEBRING, J., took no part.